UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61670-CIV-COHN/SELTZER

GEMB LENDING, INC.,

    Plaintiff,

v.

RV SALES OF BROWARD, INC., a
Florida Corporation, DANIELLE TORANO
and JAIME TORANO,

    Defendant/Third Party Plaintiff,

vs.

GIGI STETLER and WACHOVIA
DEALER SERVICES, INC.

    Third Party Defendants.
_____/

**ORDER DENYING MOTION TO STAY OR DISMISS CROSS CLAIM**
**ORDER DISMISSING WACHOVIA'S CROSS-CLAIMS**

**THIS CAUSE** is before the Court upon RV Sales of Broward, Inc.'s Motion to Stay or Dismiss Cross Claim of Danielle Torano and Jaime Torano [DE 30] and the Stipulation of Dismissal of Wachovia Dealer Services, Inc.'s Cross-Claims [DE 49]. The Court has carefully considered the motion, response [DE 37] and reply [DE 42], and is otherwise fully advised in the premises.

I.  BACKGROUND

This action involves a lender's attempt to collect past due payments on a loan for a recreational vehicle ("RV") purchased by Defendants Jamie and Danielle Torano ("Toranos") from RV Sales, Inc., a dealer of recreational vehicles. On October 20,

2009, Plaintiff GEMB Lending, Inc. ("GEMB") brought a breach of contract action against the Torano and RV Sales regarding payments on the loan.  The Toranos had originally purchased a new 2007 RV, but after multiple repairs, returned the 2007 RV for a new 2008 RV.  Complaint, ¶¶ 13-16.  GEMB alleges that the Toranos executed a Substitution of Collateral Agreement and that RV Sales released GEMB's lien, but RV Sales failed to perfect a security agreement.  Id., ¶¶ 17-18.  Shortly thereafter, the 2007 RV was repossessed by RV Sales's floor-plan financing lender.  Id., ¶¶ 22-24.

On November 25, 2009, the Toranos filed an Answer and Affirmative Defenses to the Complaint, a Counterclaim against GEMB, a Third Party Complaint against Wachovia Dealer Services, Inc. and Gigi Stetler, and Cross-Claims against RV Sales [DE 7].[1]  The Toranos later amended their pleading to add additional claims against RV Sales and Stetler.  The Toranos allege that RV Sales and Stetler persuaded them to refinance the 2008 RV through Wachovia Dealer Services ("Wachovia") after the exchange of the 2007 RV; that RV Sales and Stetler were supposed to pay off GEMB from the loan proceeds from Wachovia; but instead, the Toranos are left with two loans for one RV, receiving bills from both GEMB and Wachovia.  Amended Answer, etc., ¶¶ 7, 12 [DE 39].  The Toranos' claims against RV Sales and Stetler include breach of fiduciary duty, breach of contract, indemnity, conversion and fraud.[2]

---

[1]  RV Sales appeared in this action on November 23, 2009 when it filed its Answer to the Complaint [DE 5].

[2]  The Toranos' claims against GEMB and Wachovia are only for interpleader as both lenders claim an interest in the Toranos' payments on the outstanding loan(s). Wachovia filed cross claims against RV Sales and Stetler for indemnification and fraud [DE 25], but dismissed those claims without prejudice by stipulation [DE 49].

On January 12, 2010, RV Sales and Stetler moved to dismiss the Toranos' claims for failure to state a claim [DE 24].[3] On January 29, 2010, the Toranos opposed the motion [DE 27]. Shortly after the time for filing of a reply passed on February 8, 2010, the Toranos moved to amend their cross-claims on February 12, 2010, the deadline for filing of pleading amendments [DE 29]. The motion to amend stated that RV Sales and Stetler opposed the relief. Instead of filing a response to the motion to amend, RV Sales and Stetler filed the present motion to stay or dismiss on February 25, 2010, arguing for the first time that the Toranos' claims must be sent to arbitration pursuant to a clause in a sales contract for the 2008 RV [DE 30]. After receiving an extension of time, the Toranos filed their opposition to the arbitration motion on March 22, 2010. The Court then granted the motion to amend, denied RV Sales' initial motion to dismiss for failure to state a claim as moot, and directed RV Sales to file a reply in support of its arbitration motion [DE 38]. RV Sales' reply was then filed on April 6, 2010.

RV Sales and Stetler argue that the Toranos' cross-claims must be sent to arbitration pursuant to the clause in the sales contract. The Toranos oppose the motion on grounds of waiver and assert that if their cross-claims are sent to arbitration, then the entire action should be arbitrated. Neither lender has stated a position on sending the entire matter to arbitration.

---

[3] The docket does not reflect why RV Sales did not respond to the Cross-Claims for 50 days. Counsel for RV Sales appeared at the December 3, 2009 Scheduling Conference and received the Cross-Claims via CM/ECF when filed on November 25, 2009.

3

## II.  DISCUSSION

The Federal Arbitration Act ("FAA") provides that arbitration agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2.  However, because an agreement to arbitrate is just like any other contract, a party may waive a right to arbitration.  <u>Ivax Corp. v. B. Braun of America, Inc.</u>, 286 F.3d 1309, 1315 (11th Cir. 2002).  In determining whether a party has waived its right to arbitrate, the United States Court of Appeals for the Eleventh Circuit has stated that a court should first "decide if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and second, [the Court] look[s] to see whether, by doing so, that party 'has in some way prejudiced the other party.'" <u>Ivax</u>, 186 F.3d at 1315-16, quoting <u>S & H Contractors, Inc. v. A.J. Taft Coal Co.</u>, 906 F.2d 1507, 1514 (11th Cir. 1990).

Turning first to the actions of RV Sales and Stetler, the Toranos assert that these parties waived any right to arbitration by not raising the arbitration clause until three months after they appeared (four months after filing of the action), and after having actively litigated the matter during that time.  The Toranos argue that RV Sales and Stetler had several opportunities during those three months to raise their alleged right to arbitration, including in their answer to the complaint, at the discovery conference among the parties, at the scheduling conference before the Magistrate Judge, in its initial disclosures (which failed to mention or disclose the Sales Contract), in their first motion to dismiss, their first request to produce directed at GEMB, and their first request to produce directed at the Toranos.  The Toranos ask the Court to weigh these circumstances and conclude that RV Sales and Stetler acted inconsistently with their

4

arbitration right, relying upon Stanley v. Kahn & Associates, 2009 WL 1532724 (M.D. Fla. June 2, 2009) (motion to stay filed eight months after filing of case and five months after case management conference), and Lawrence v. Royal Caribbean Cruises, Ltd., 2009 WL 4546633 (S.D. Fla. Nov. 30, 2009) (motion filed six and one-half months after filing of case and after discovery concluded).[4]

In their reply, RV Sales and Stetler state that only one deposition has been taken as of April 6, 2010, and that the Toranos recently stated that the case was in its early stages of discovery. However, that statement of the Toranos was made on February 12, 2010, nearly two months before RV Sales and Stetler's reply on the present motion to stay. The fact discovery period in this case ran from December 4, 2009 through April 23, 2010. Thus, the Toranos are correct that the present motion was not filed until the midway point of the discovery period, after the case had been actively litigated for three months. RV Sales and Stetler provide no explanation for their failure to raise their alleged right to arbitration at any of the six opportunities between the end of November 2009 and late February 2010.[5] The Court concludes that under the totality of the

---

[4] The Toranos also assert that the Sales Contract is a complete sham. They note that the Contract purports to have the exchange and refinance transaction instead be characterized as a trade-in and a regular financing of the 2008 RV. More importantly, the Toranos exchanged the 2007 RV for the new 2008 RV in March of 2008, but the document is dated May 15, 2008. RV Sales and Stetler do not address these inconsistencies in their Reply. However suspect the document may appear, its legitimacy is a question of fact that the Court cannot and need not resolve at this time.

[5] RV Sales and Stetler cite to three district court cases, only two of which discuss waiver of arbitration. One of those cases, NCR Credit Corp. v. Reptron Electronics, Inc., 863 F. Supp. 1561 (M.D. Fla. 1994), relied upon a Ninth Circuit standard for waiver and did not address either the litigation prong nor the prejudice prong of the relevant Eleventh Circuit test quoted above. The one relevant case that supports their position, Wilson v. Par Builders II, Inc., 879 F.Supp. 1187 (M.D. Fla. 1995), held that plaintiff did

circumstances, RV Sales and Stetler acted inconsistently with their alleged arbitration right.

Turning next to the prejudice prong, the Toranos argue that they expended over 10 hours in attorney's fees litigating the first motion to dismiss and the motion to amend, not including additional hours for discovery in this case.  The Toranos state that having to start anew in arbitration proceedings would be prejudicial in terms of money and time wasted, particularly if only their claims were sent to arbitration and not the claims against them of GEMB, forcing litigation in two forums.

The Court concludes that the Toranos have met their burden to show prejudice. Under the totality of the circumstances, particularly the fact that RV Sales and Stetler had several opportunities to raise their arbitration right but failed to do so, the right to arbitration has been waived.  The Court does not rely solely on the passage of time from filing of the complaint to filing of the motion to stay, but rather on the several opportunities discussed above to raise the right and stop this litigation.

### III.   CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. RV Sales of Broward, Inc.'s Motion to Stay or Dismiss Cross Claim of Danielle Torano and Jaime Torano [DE 30] is hereby **DENIED**;

---

not establish prejudice in a six month delay from filing of the complaint.  This Court respectfully disagrees with that conclusion in the context of the facts of the case at bar.

2. Wachovia Dealer Services, Inc.'s Cross-claims against RV Sales, Inc. and Gigi Stetler are hereby **DISMISSED without prejudice** pursuant to the parties' stipulation.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 14th day of May, 2010.

*James I. Cohn*
JAMES I. COHN
United States District Judge

cc: All parties and counsel of record