UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61670-CIV-COHN/SELTZER

GEMB LENDING INC., a
Delaware corporation,

       Plaintiff,

vs.

RV SALES OF BROWARD, INC. a
Florida corporation, DANIELLE
TORANO, a Florida resident, and
JAIME TORANO, a Florida resident,

       Defendants.

_____/

## PRETRIAL STIPULATION

Pursuant to Local Rule 16.1(e) and the Order Granting Unopposed Motion to Continue Trial (D.E. 55), Plaintiff GEMB Lending Inc. ("GEMB Lending"), defendant RV Sales of Broward, Inc. ("RV Sales"), defendants Jamie and Danielle Torano (collectively, the "Toranos") and third-party defendant Gigi Stetler ("Ms. Stetler") have entered into the following pre-trial stipulation:

**(1)     Short and Concise Statements of the Case**

GEMB Lending

This case arises from the sale of a 2007 luxury RV in March 2007 by RV Sales to the Toranos.  GEMB Lending financed this sale (total amount financed:  $429,200.20).  Pursuant to its obligations under a written Dealer Agreement, RV Sales perfected a security interest on behalf of GEMB Lending in the 2007 RV.  The Toranos then began making monthly payments to GEMB Lending, as required by the written Sales Contract.

In March 2008, the Toranos transferred the 2007 RV to RV Sales and received a new 2008 luxury RV (the "2008 RV").  GEMB Lending did not provide its written consent for that transfer (as required by the Sales Contract) although it did provide paperwork to be completed and approved for a Substitution of Collateral.  GEMB Lending continued to receive payments.

On May 28, GEMB Lending received from RV Sales the Substitution of Collateral paperwork, which GEMB Lending countersigned.  GEMB Lending released the lien on the 2007 RV, but contrary to the Substitution of Collateral and in breach of the Dealer Agreement, RV Sales failed to perfect a first lien on behalf of GEMB Lending in the 2008 RV.  Instead, and without notice to GEMB Lending, RV Sales and the Toranos had previously obtained financing from Wachovia Dealer Services, Inc. ("Wachovia") for the 2008 RV.  The Toranos had their new luxury RV, and GEMB Lending was left unsecured.

GEMB Lending continued to receive payments from the Toranos, but in September 2008, a non-party that provided floor plan financing for RV Sales seized all of RV Sales' inventory, including the 2007 RV.  Within a month, the Toranos stopped making payments to GEMB Lending.  In October 2009, GEMB Lending exercised its right under the Dealer Agreement and demanded that RV Sales repurchase the Sales Contract.  RV Sales has failed and refused to repurchase the Sales Contract.

2

Pursuant to the Dealer Agreement and the Sales Contract, GEMB Lending is owed: unpaid principal ($413,261.66); interest through May 4, 2010 ($46,460.80); per diem interest ($82.09); late charges ($848.10); and collection costs, including attorney's fees and court costs (>$50,000.00).

The Toranos

If the Motions for Reconsideration are denied, the Toranos' only issue for trial is their claim for an award of punitive damages against RV Sales and Ms. Stetler on the conversion claim.[1]

If the Motions for Reconsideration are granted, there are several possible permutations. In an abundance of caution, the Toranos set forth in this section the issues as framed by the pleadings. The Toranos' 2007 RV – which they bought from RV Sales, via a loan from GEMB Lending – experienced severe mechanical problems. As a result, RV Sales and Ms. Stetler arranged for a working vehicle (the 2008 RV) to be substituted for the 2007 RV, under the original loan. The vehicles were swapped in March 2008, and the Toranos continued paying the GEMB loan.

Two months later, in May 2008, Ms. Stetler pressed the Toranos to let her and RV Sales refinance the loan. The Toranos agreed. A new loan, from Wachovia Dealer Services ("WDS"), was obtained, and RVSB and Ms. Stetler were obligated to use those funds to close the GEMB loan. The Toranos began paying WDS on the assumption that the GEMB loan was extinguished.

Shortly thereafter, the Toranos realized there was a problem, as GEMB's bills kept coming. They confronted Ms. Stetler about it. She equivocated, offered incoherent explanations, and finally asked the Toranos to let her make the monthly payment, or reimburse the Toranos for their monthly payment, to GEMB while she resolved the situation. Several months later, Ms. Stetler stopped making the payments to GEMB, and this case followed.

In this litigation, RVSB and Ms. Stetler produced a Sales Contract concerning the acquisition of the 2008 RV. That Sales Contract, dated May 15, 2008, is RV Sales's

---

[1]    RV Sales has a cross-claim for indemnity against the Toranos (alleging that their failure to pay GEMB and protect GEMB's collateral is the basis for RV Sales' potential exposure; *see* Cross claim, ¶ 4), but the order granting summary judgment, and the admissions made by counsel for RV Sales/Ms. Stetler at the August 20 hearing, have made RV Sales's cross-claim moot.

standardized form agreement, and it contains a merger clause. The Sales Contract, together with the accompanying Retail Installment Contract and Security Agreement ("RICSA"), unmistakably indicate that RV Sales had a contractual obligation to buy the 2007 RV from the Toranos as a trade-in vehicle, at a price of $485,000.00, and to contemporaneously apply $420,000.00 of that amount to extinguish the debt the Toranos owed to GEMB Lending. This obligation was absolute, based on the commonly-understood terms of the contracts at issue. RV Sales and Ms. Stetler failed to fulfill this obligation. The Toranos' claims against the dealer, RV Sales (*e.g.*, conversion, breach of contract), apply with equal force to the lender, GEMB, under the FTC Holder Rule, 16 C.F.R. § 433.2 (the Holder Rule is expressly adopted and made part of the deal documents by which the Toranos' secured the original loan from GEMB).

RV Sales and Ms. Stetler's claims – that there was a "special arrangement" between them and the Toranos whereby RVSB was not really buying the 2007 RV as a trade-in – are untrue; contradicted by the unequivocal, straightforward and express terms of RV Sales's own Sales Contract; and contradicted by RV Sales and Ms. Stetler's conduct (*e.g.*, obtaining $321,000.00 from RV Sales's floor-plan financier in order to buy the 2007 RV as a trade-in). RV Sales and Ms. Stetler's conduct also warrants an award of punitive damages under the tort claims asserted herein.

RV Sales and Ms. Stetler

The Toranos purchased a 2007 Fleetwood RV from RV Sales which was financed through GEMB Lending.  The Toranos then wanted a new 2008 Fleetwood RV.   In March of 2008 GE Commercial agreed to finance the 2008 RV on RV Sales' floor plan. GEMB Lending agreed to release the title to the 2007 RV in exchange for the title to the 2008 RV (Substitution of Collateral). RV Sales would floor plan the 2007 RV and pay GE Commercial when it was sold.  RV Sales and Fleetwood, the manufacturer of the 2007 RV, would split any deficiency in the sale of the 2007 RV because the Toranos owed more than the 2007 RV was worth.  Since RV Sales was not an authorized dealer for the specific model 2008 RV which the Toranos wanted, RV SALES had to arrange the purchase from another Fleetwood dealer (Tom Johnson). Fleetwood released the 2008 RV to the Toranos in March of 2008.  RV Sales was under the impression that GE Commercial paid Fleetwood for the 2008 RV or that unit would not have been released to the Toranos.  Subsequently, in May of 2008 Fleetwood advised RV Sales that it was not paid for the 2008 RV by GE Commercial. The Toranos then had a choice to either return the 2008 RV and get back the 2007 RV (which was on RV Sales lot to be sold) or they needed to pay Tom Johnson/Fleetwood for the 2008 RV.  The Toranos chose to keep the 2008 RV and obtained financing through Wachovia, which funds were used to pay Tom Johnson/Fleetwood in May of 2008 for the 2008 RV.  Tom Johnson/Fleetwood confirmed that they received this payment for the 2008 RV and released title to the 2008 RV in early June of 2008. RV Sales forwarded that title to Wachovia as it was the lien holder.

In May 2008, RV Sales contacted GEMB Lending and alerted GEMB Lending that GE Commercial did not pay Fleetwood for the 2008 RV and that the 2008 RV could no longer be substituted as collateral for the 2007 RV.  GEMB Lending did not act on that information

probably because it assumed that GE Commercial would floor plan finance the 2007 RV and that GEMB Lending would be paid when it was floor planned.

The Toranos continued to make the payment to GEMB Lending for the 2007 RV (RV Sales agreed to reimburse the Toranos for the payments). The Toranos made payment to GEMB Lending through October 2008.

When GEMB Lending released its lien to the 2007 RV, RV Sales/ Stetler were under the assumption that GEMB Lending did so because it had been paid or secured by GE Commercial. Sometime in late August 2008, RV Sales realized that GE Commercial did not pay GEMB Lending for the Toranos' 2007 RV loan and RV SALES advised GEMB Lending that it needed to put its lien back on the title to the 2007 RV.

In September of 2008, GE Commercial wrongfully took possession of the 2007 RV at a horse show in New York.  RV Sales advised GEMB Lending of the wrongful replevin but GEMB Lending did not reinstate its lien (so that it could get the 2007 RV back from GE Commercial). GEMB Lending failed to mitigate its loss.  RV Sales had been working with GEMB Lending and its counsel since August of 2008 to try to get the collateral back from GE Commercial, which subsequently sold the 2007 RV in August 2009 for a sum way below its market value.

**(2)     Basis of Federal Jurisdiction**

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 because:   (a) complete diversity of citizenship exists where, as here, the dispute is between citizens of different States, and (b) the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

**(3)     The Pleadings Raising the Issues**

GEMB Lending's Complaint (D.E. 1)

RV Sales' Answer and Affirmative Defenses (D.E. 5)

The Toranos' Answer (D.E. 7)

The Toranos' Amended Answer, Affirmative Defenses, Counterclaim, Third-Party Complaint and Cross-Claims (D.E. 39)

RV Sales and Stetler's Answer to Third Party Complaint, Cross-claim against Jaime Torano (D.E. 54)

Toranos' Answer to Cross-claim (D.E. 66)

**(4)     A List of All Undisposed Motions or Other Matters Requiring Action By The Court.**

GEMB Lending's Motion for Reconsideration of Order on Motions for Summary Judgment (D.E. 98)

RV Sales and Stetler's Motion for Reconsideration of the Order on Summary Judgment (D.E. 99)

**(5)     A Concise Statement of Uncontested Facts Which Will Require No Proof At Trial With Reservations, If Any.[2]**

---

[2]     The use of "or" in paragraphs 7 and 8 represents that the parties have not reached full and final agreement on those facts.  The parties reserve the right to present evidence related to these facts and will continue to attempt to reach a full and final agreement.

1.  RV Sales is a dealer of motor homes that rents and sells new and used recreational vehicles.  RV Sales offers its customers the opportunity to finance RV purchases by using outside lenders.

2.  GEMB Lending contracted with RV Sales to provide financing to the Dealer's customers pursuant to the Dealer Agreement.

3.  In March 2007, the Toranos purchased a new luxury 2007 recreational vehicle (the "2007 RV") from RV Sales.

4.  Pursuant to the Sales Contract, GEMB Lending financed the purchase of the 2007 RV, and the Toranos were obligated to make monthly payments of $3,392.30 until the total amount of $814,152.00 was paid in full.

5.  RV Sales perfected a security interest in the 2007 RV on behalf of GEMB Lending pursuant to the Dealer Agreement.

6.  In March 2008, RV Sales requested paperwork for a Substitution of Collateral from GEMB Lending.

7.  On May 15, 2008, Wachovia financed the Toranos' acquisition or refinancing of the 2008 RV.

8.  On May 27 or May 28, 2008, RV Sales sent a facsimile to GEMB Lending.

9.  On May 28, 2008, RV Sales and GEMB Lending communicated by telephone regarding the status of a Substitution of Collateral.

10. On May 28, 2008 GEMB Lending released the lien on the 2007 RV.

11. The Toranos made payments to GEMB Lending from April 20, 2007 through October 15, 2008 in the total amount of $64,453.70, but have failed to make any subsequent payments.

12. The amount of unpaid principal is $413,261.66.

13. Interest accrues at a per diem rate of $82.09 since October 15, 2008.

**(6)    A Statement In Reasonable Detail Of Issues Of Fact Which Remain To Be Litigated at Trial[3]**

As to GEMB Lending's breach of contract against the Toranos:

None at this time, based upon the Order on Summary Judgment Motions (*see* D.E. 95).

As to GEMB Lending's breach of contract against RV Sales:

The circumstances surrounding the communications between RV Sales and GEMB Lending which resulted in the premature release of the lien (*see* D.E. 95 at p. 14);

The amount of GEMB Lending's damages;

Whether GEMB Lending failed to mitigate its damages after it was advised that GE Commercial had possession of the 2007 RV;

Whether the Dealer Agreement is non-recourse as to RV Sales;

Whether RV Sales complied with the Dealer Agreement;

Whether GEMB Lending properly noticed RV Sales with respect to repurchase obligations, if any;

Whether RV Sales had any repurchase obligations under the Dealer Agreement and/or facts of this case.

As to RV Sales / Stetler's claims and defenses against the Toranos:

Issues of fact which remain to be litigated as to RV Sales / Stetler's claims and defenses with respect to the Toranos will depend on whether this Court reverses its Summary Judgment Order regarding the Toranos' Conversion Claim against RV Sales / Stetler and whether the Toranos pursue their other tort claims and punitive damage claims. If the tort and punitive damages claims stand, then issues of fact to be litigated are:

---

[3]    Any issue of fact raised by a party has been included in this section; the parties do not agree that every issue of fact listed in this section is an issue of fact which remains to be litigated.

Whether the Toranos are entitled to recover for conversion, fraud, other torts and punitive damages against RV Sales / Stetler;

Whether RV Sales / Stetler breached any agreement with the Toranos.

**(7)    A Concise Statement of Issues of Law On Which There Is Agreement**

Florida law applies.

**(8)    A Concise Statement of Issues of Law Which Remain For Determination By The Court**

Whether RV Sales breached the Dealer Agreement in May 2008 and October 2009?

Whether the Dealer is obligated to repurchase the Sales Contract?

**(9)    Each Party's Numbered List of Trial Exhibits, With Objections**

*See* Attached Schedules A (GEMB Lending), B (the Toranos), and C (RV Sales and Ms. Stetler).

**(10)    Each Party's Numbered List of Trial Addresses, With Their Addresses**

GEMB Lending:

| NO. | WITNESS NAME | Live Testimony | May Be Called | By Deposition |
|-----|--------------|----------------|---------------|---------------|
| 1. | Chris Zimmerman | X | | |
| 2. | Gigi Stetler | X | | |
| 3. | Jaime Torano | X | | |
| 4. | Danielle Torano | | X | |
| 5. | Diane Stone | | X | |
| 6. | David Allen | | X | |
| 7. | GE Commercial Distribution Finance Corporation (through Ms. Sara Seeburg) | | | X |

11

The Toranos:

| NO. | WITNESS NAME | Live Testimony | May Be Called | By Deposition |
|-----|-------------|----------------|---------------|---------------|
| 1. | Jaime Torano | X | | |
| 2. | Danielle Torano | X | | |
| 3. | Gigi Stetler | X | | |
| 4. | Brian Murphy | | X | |
| 5. | Diane Stone | | X | |
| 6. | Chris Zimmerman | | X | |
| 7. | GE Commercial Distribution Finance Corporation (through Ms. Sara Seeburg) | | | X |

RV Sales and Ms. Stetler:

| NO. | WITNESS NAME | Live Testimony | May Be Called | By Deposition |
|-----|-------------|----------------|---------------|---------------|
| 1. | Gigi Stetler | X | | |
| 2. | Bill Schneider | X[4] | | |
| 3. | GE Commercial Distribution Finance Corporation (through Ms. Sara Seeburg) | | | X |

GEMB Lending and the Toranos have designated the deposition testimony of GE Commercial, as set forth in the attached Schedule D. RV Sales and Ms. Stetler intend to present the entire deposition testimony of GE Commercial through Ms. Seeburg. GEMB Lending and the Toranos object to this type of designation pursuant to Federal Rules of Evidence 402 and 403, and reserve the right to assert additional objections to properly-designated deposition testimony within a reasonable time after such designations have been made.

---

[4]    GEMB Lending objects to the testimony of Mr. Schneider as irrelevant and inadmissible.

**(11)      Estimated Trial Time**

Assuming the motions for reconsideration are denied, two days. Assuming the motions for reconsideration are granted in their entirety, three days.

**(12)      Estimate of the Maximum Amount of Attorneys' Fees Properly Allowable**

Depending upon the length of the trial, GEMB Lending estimates that the attorneys' fees recoverable under the Dealer Agreement and Sales Contract will be approximately $75,000, but not more than $150,000.

If they participate in the trial, the Toranos estimate that the attorneys' fees recoverable under the Sales Contract and RICSA will be approximately between $100,000 and $150,000 (this estimate is not intended, and should not be read to, compromise or impact the Toranos' entitlement to fees as a result of the Court's August 25, 2010 order granting summary judgment).

## SCHEDULE A

### GEMB Lending's Proposed Trial Exhibits

GEMB Lending expects to offer the following exhibits:

| Pl. Ex. No. | Description | Objections |
|---|---|---|
| 1. | Dealer Agreement | |
| 2. | Sales Contract | |

GEMB Lending may offer the following exhibits if the need arises:

| Pl. Ex. No. | Description | Objections |
|---|---|---|
| 3. | Stetler Deposition Exhibit 1 (RV Sales 2-page form - Toranos) | |
| 4. | Stetler Deposition Exhibit 2 (RV Sales 1-page form - Toranos) | |
| 5. | Stetler Deposition Exhibit 3 (Sales Contract - 2007 RV) | |
| 6. | Stetler Deposition Exhibit 4 (Letter dated July 14, 2009 - Bankruptcy Court) | |
| 7. | Stetler Deposition Exhibit 5 (Substitution of Collateral Agreement - signed) | |
| 8. | Stetler Deposition Exhibit 6 (RV Sales form - Doc. 30) | |
| 9. | Stetler Deposition Exhibit 7 (Retail Installment Contract - 2008 RV) | |
| 10. | Stetler Deposition Exhibit 8 (Fax cover sheet dated May 27, 2008) | |
| 11. | Stetler Deposition Exhibit 9 (February 11, 2009 e-mail) | |
| 12. | Stetler Deposition Exhibit 10 (June 16, 2008 Sales Contract - 2008 Revolution) | |
| 13. | Stetler Deposition Exhibit 11 (Undated notes) | |
| 14. | Stetler Deposition Exhibit 12 (Certificate of Title - 2007 RV) | |
| 15. | Stetler Deposition Exhibit 13 (DMV Power of Attorney/ Odometer Disclosure) | |
| 16. | Stetler Deposition Exhibit14 (February 20, 2008 e-mail with Fleetwood ) | |
| 17. | Stetler Deposition Exhibit 15 (March 13, 2008 letter from Fleetwood) | |
| 18. | Stetler Deposition Exhibit 16 (Information for Wire Transfer) | |
| 19. | Stetler Deposition Exhibit 17 (March 18, 2008 GEMB Lending fax cover sheet) | |

14

| Pl. Ex. No. | Description | Objections |
|---|---|---|
| 20. | Stetler Deposition Exhibit 18 (Collateral Substitution Application ) | |
| 21. | Seeburg Deposition Exhibit A | |
| 22. | Seeburg Deposition Exhibit B | |
| 23. | Seeburg Deposition Exhibit C | |
| 24. | Seeburg Deposition Exhibit D (August 28, 2009 letter) | |
| 25. | Substitution of Collateral Agreement (as of May 2008) | |
| 26. | Toranos' Response to Requests for Admissions (March 8, 2010) | |
| 27. | RV Sales Response to Requests for Admissions (March 17, 2010) | |
| 28. | Fleetwood Certificate of Origin for 2008 RV (GEMB0001) | |
| 29. | Application for Certificate of Title for 2008 RV (GEMB0002) | |
| 30. | RV Sales Form (GEMB00003) | |
| 31. | Substitution of Collateral Agreement (GEMB0004) | |
| 32. | February 27, 2007 Personal Financial Statement | |
| 33. | June 9, 2008 Request for Used RV Loan (CDF001) | |
| 34. | September 3, 2008 Order for Temporary Injunction (GE Commercial v. RV Sales) | |
| 35. | September 3, 2008 Order to Issue Pre-Judgment Writ of Replevin (GE Commercial v. RV Sales) | |
| 36. | September 3, 2008 Writ of Replevin (GE Commercial v. RV Sales) | |
| 37. | October 9, 2009 letter from Holland & Knight to RV Sales | |
| 38. | May 29, 2008 VINtek Lien Release Notification | |
| 39. | February 2009 e-mails (T0017-24) | |
| 40. | Toranos' Amended Answer (Doc. No. 39) | |
| 41. | May 27, 2008 e-mail from V. McDermand to D. Stone | |
| 42. | Atlas Log Notes | |
| 43. | July 16, 2010 Affidavit of Gigi Stetler (Doc. No. 84-3) | |
| 44. | GEMB Lending's Complaint | |

**SCHEDULE B**

**Toranos' Proposed Trial Exhibits**

The Toranos expect to offer the following exhibits:

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 1. | 2007 Retail Installment Contract and Security Agreement | |
| 2. | 2008 Sales Contract | |
| 3. | 2008 Retail Installment Contract and Security Agreement | |
| 4. | Substitution of Collateral Instrument | |
| 5. | February 11, 2009 emails between L. Chopp and G. Stetler | H |
| 6. | GEMB Lending's Response to Toranos' Interrogatories (April 23, 2010) | R |
| 7. | Request for Used RV Loan, dated June 9, 2008 (CDF001) | |
| 8. | Stetler Deposition Ex. 1 (RVSB Sales Contract – Page 1) | |
| 9. | Stetler Deposition Ex. 2 (RVSB Sales Contract – Page 2) | |
| 10. | Stetler Deposition Ex. 4 (Letter to C.D. Cal. Bk. Court (July 14, 2009)) | A, R, H |
| 11. | Fax Cover Sheet, dated May 27, 2008 | A, R |
| 12. | GEMB Documents bates numbered GEMB0001 – GEMB0004 | |

The Toranos may offer the following exhibits if the need arises:

| Ex. No. | Description | Objections |
|---------|-------------|------------|
| 13. | Stetler Deposition Ex. 11 (Undated Notes) | R, H |
| 14. | Stetler Deposition Ex. 12 (Certificate of Title, 2007 RV) | |
| 15. | Stetler Deposition Ex. 13 (DMV POA -- Odometer Disclosure) | |
| 16. | Stetler Deposition Ex. 14 (February 20, 2008 email from Fleetwood) | A, R, H |
| 17. | Stetler Deposition Ex. 15 (Letter from Fleetwood, dated March 13, 2008) | A, R, H |
| 18. | Stetler Deposition Ex. 16 (Wire Transfer Information) | A, R, H |
| 19. | Stetler Deposition Ex. 17 (March 18, 2008 GEMB Lending Fax) | A, R, H |
| 20. | Stetler Deposition Ex. 18 (Collateral Substitution Application) | |

| 21. | Sara Seeberg Deposition Ex. A | |
| 22. | Sara Seeberg Deposition Ex. B | |
| 23. | Sara Seeberg Deposition Ex. C | |
| 24. | Sara Seeberg Deposition Ex. D | |

**SCHEDULE C**

**RV Sales and Ms. Stetler's Proposed Trial Exhibits**

| RV Sales Ex. No. | Description | Objections |
|---|---|---|
| 1. | RV Sales of Broward Bill of Sale dated March 19, 2008 for the 2007 RV | A |
| 2. | Application For Certificate of Title for 2007 RV | A |
| 3. | Release Notification dated May 29, 2008 | |
| 4. | Title to 2007 RV | |
| 5. | Authorization Form signed by Danielle Torano dated March 5, 2009 | A, R |
| 6. | Bill Schneider's file (27 pages) including emails between Bill Schneider/Gigi Stetler/Frank Morreale | A, I, R, H, UP |
| 7. | E-mails Steve Hartman (Fleetwood) dated:<br>a. February 20, 2008.<br>b. March 13, 2008 | A, H,R |
| 8. | E-mail from Steve Hartman (Fleetwood) dated February 20, 2008 | A, H, R |
| 9. | Letter from RV Sales to GE Commercial Distribution Finance Corporation dated March 17, 2008 | H, R |
| 10. | Fax cover sheet from GE Commercial Distribution Finance Corporation to RV Sales dated March 11, 2008 with attached documents including:<br>a.    Letter of Direction and Exhibit A,<br>b.    Payment Release<br>c.    Bill of Sale d.  Release and Hold Harmless Agreement<br>e.    VIP Appointment Confirmation/March 19, 2008<br>f.    Payment Release | H, R |
| 11. | E-mail from Frank Morreale dated April 28, 2010 and attached documents | H, I, R |
| 12. | RV Sales Proof of Payment and supporting documents as to the 2007 RV showing duplicate payment to GE Commercial. (18 pages) | A, H, R, UP |
| 13. | Wire Transfer from RV Sales to Tom Johnson for payment of 2008 RV dated May 23, 2008 | A, H, R |
| 14. | Certificate of Origin for 2008 RV dated June 7, 2008. (2 pages) | A, R |
| 15. | Letter from RV Sales to Bankruptcy Court (re: Fleetwood) dated July 14, 2009 | A, H, R |
| 16. | Answer and Affirmative Defenses of Defendants in Stetler/RV Sales v. Jamie Torano et al, Case #10-12595 (18), Circuit Court Broward County, Florida | H, R |

| RV Sales Ex. No. | Description | Objections |
|---|---|---|
| 17. | Letter from Joy T. Chandler, GE Account Executive, to the Toranos dated August 28, 2009 | H, R |
| 18. | Letter from Danielle Torano/Jaime E. Torano to Equifax dated February 4, 2008 | A, H, R, UP |
| 19. | Substitution of Collateral Application and supporting documents | A, H, UP |
| 20. | Two (2) letters from the Toranos to GEMB and GE Commercial Finance produced by the Toranos | A, H, R, UP |
| 21. | Eight (8) emails from AMUZME33 to Danielle Torano produced by the Toranos | H, R, UP |
| 22. | RV Sales Fax Cover Sheet to Dianne (GEMB) cancelling Substitution of Collateral dated May 27, 2008 (stamped May 28, 2008 as faxed) | A, H, R |
| 23. | Retail Installment Contract and Security Agreement for 2007 RV dated April 26, 2006 | R |
| 24. | Check #20534 from RV Sales for $220,000.00 dated June 21 2007 | A, R |
| 25. | Check #18812 from RV Sales for $245,110.74 dated November 1, 2006 and cover letter | A, R |
| 26. | RV Sales Bill of Sale dated March 15, 2007 for 2007 American Eagle RV trading in 2007 Monaco RV | A, R |
| 27. | Five (5) invoices from the Toranos to Gigi Stetler dated July 17, 2008, July 29, 2008, September 3, 2008, September 9, 2008, October 3, 2008 for payment reimbursement for 2007 RV | A |

**SCHEDULE D**

GEMB Lending and RV Sales intend to present the following deposition testimony of GE Commercial (through Ms. Sara Seeburg), but reserve the right to modify, supplement or amend this disclosure based upon changes circumstances, particularly after resolution of the pending motions for reconsideration.

| Designation | Objection | Cross-Designation |
|---|---|---|
| 5:22-6:9 | | |
| 7:7-21 | | |
| 8:13-17 | | |
| 10:2-6 | | |
| 10:7-9 | | |
| 10:15-11:1 | | |
| 12:1-2 | | |
| 16:11-19 | | |
| 17:10-18:1 | | |
| 18:6-20:6 | | |
| 20:14-21:9 | | |

| | | |
|---|---|---|
| 22:2-3 | | |
| 22:7-8 | | |
| 22:9-10 | | |
| 22:14-22 | | |
| 29:2-11 | | |
| 32:11-12 | | |
| 32:16-19 | | |

Dated:  September 3, 2010

Respectfully submitted,

s/ Frank Morreale
Frank Morreale
Florida Bar No. 32599
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
(904) 353-2000
e-mail:  frank.morreale@hklaw.com
beau.baker@hklaw.com
*Attorneys for Plaintiff*

s/David Stone                                           s/Daniel Leyton
Florida Bar No. 400432                        Florida Bar No. 61824
David Stone, P.A.                                  De La O, Marko, Magolnick & Leyton
4301 N.E. 1st Terrace, Suite 1             3001 S.W. 3rd Avenue
Ft. Lauderdale, FL 33334                    Miami, FL 33129
(954) 566-5297                                     (305) 285-2000
e-mail:  nan@davidstonelaw.com       e-mail:  leyton@dmmllaw.cmo
bahaba123@aol.com
*Attorneys for RV Sales & Ms. Stetler*     *Attorneys for the Toranos*

21

## CERTIFICATE OF SERVICE

I hereby certify that on September 3, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following: David Stone, Esq. at nan@davidstonelaw.com and Bahaba123@aol.com; Daniel L. Leyton, Esq. at leyton@dmmllaw.com and katy@dmmllaw.com and Frank E. Brown, Esq. at feb@macfar.com.

s/ Frank Morreale
Frank Morreale
Florida Bar No. 32599
Holland & Knight LLP
50 North Laura Street, Suite 3900
Jacksonville, Florida  32202
(904) 353-2000
(904) 358-1872 (Facsimile)
Email:  frank.morreale@hklaw.com
beau.baker@hklaw.com

*Attorneys for Plaintiff*

#9736385_v5