UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 09-61670-CIV-COHN/SELTZER

GEMB LENDING, INC.,

    Plaintiff,

v.

RV SALES OF BROWARD, INC., a
Florida Corporation, DANIELLE TORANO
and JAIME TORANO,

    Defendant/Third Party Plaintiff,

vs.

GIGI STETLER and WACHOVIA
DEALER SERVICES, INC.

    Third Party Defendants.
_____/

## ORDER GRANTING MOTION FOR ATTORNEY'S FEES
## ORDER GRANTING IN PART MOTION FOR COSTS

**THIS CAUSE** is before the Court upon Defendants/Counter-Plaintiffs Jaime and Danielle Torano's Motion Attorneys Fees Against Plaintiff [DE 117] and Motion to Tax Costs [DE 118]. The Court has carefully considered the motions, GEMB's Opposition to the Motions for Attorneys' Fees and Costs [DE 123], the Toranos' Reply Brief [DE 129], and is otherwise fully advised in the premises. The motions became ripe on December 6, 2010.

### I. BACKGROUND

This action involves GEMB Lending Inc.'s ("GEMB") attempt to collect past due payments on a loan for a recreational vehicle ("RV") purchased by Defendants Jamie

and Danielle Torano ("Toranos") from RV Sales of Broward, Inc. ("RV Sales"), a dealer of recreational vehicles.  Among other rulings in this multi-party litigation, the Court entered summary judgment in the Toranos' favor on GEMB's claim against them for breach of contract for failure to pay the loan [DE 95].  The Toranos now move for costs and attorney's fees against GEMB.  Plaintiff GEMB opposes the motion.

## II.  DISCUSSION

### A.  Attorney's Fees

The Toranos seek attorney's fees in this matter of $43,912.05 and costs totaling $2,608.20, based upon the language of the contract, Fla. Stat. § 57.105(7), and the Federal Rules of Civil Procedure.  GEMB opposes the motion on the grounds that the statute has not been triggered, that any award is discretionary and should not be granted in this case, and that the Toranos waived this relief by failing to plead for attorneys fees.

#### 1.  Contractual Clause and § 57.105(7)

The parties' contract, the Retail Installment Contract and Security Agreement ("RICSA"), states in part that:

> If you default, you agree to pay our costs for collecting amounts owing, including court costs, reasonable attorneys' fees (if we refer this Contract to an attorney that is not a salaried employee of ours for collection).

This language means that if GEMB ("our") had prevailed in this action against the Toranos ("you") for breach of contract for failure to pay the loan, GEMB would have been able to recover attorney's fees.  Under Florida law, "If a contract contains a provision allowing attorney's fees to a party when he or she is required to take any

2

action to enforce the contract, the court may also allow reasonable attorney's fees to the other party when that party prevails in any action, whether as plaintiff or defendant, with respect to the contract." Fla. Stat. § 57.105(7).  The Toranos assert simply that they prevailed as a defendant in a collection action brought by GEMB and are entitled to attorney's fees.

GEMB argues in opposition to the motion that the statute is narrowly confined to the specific scope of the contract.  GEMB contends that the Toranos have not triggered the statute because they never sought to enforce any particular contract provision against GEMB, nor did they allege any default, breach or other misconduct by GEMB.  A plain reading of the statute and the authority provided by GEMB itself reveals that the Toranos have triggered the statute.

In <u>Subway Restaurants, Inc. v. Thomas</u>, 860 So.2d 462 (Fla. Dist. Ct. App. 2003), Subway sued to evict Thomas, a franchisee, under their franchise agreement.  Thomas filed his own suit against Subway for wrongful eviction and breach of contract based upon the lease and franchise agreement.  Thomas prevailed in his suit and was awarded attorney's fees.  The appellate court reversed the attorney's fees award, concluding that the entitlement to fees applied under the contract only to claims for recovery of unpaid rents, which was not the basis upon which Thomas prevailed.  860 So.2d at 463.

In the present case, the Toranos prevailed against GEMB on GEMB's own collection action for the unpaid loan by applying its defenses against RV Sales, the dealer, against GEMB under the Federal Trade Commission's Holder Rule.  Thus, the Toranos prevailed on **GEMB's collection claim on the Toranos' payment default**.

The present case is clearly distinguishable from Subway. Florida Statute § 57.105(7) allows a party to invoke mutuality even if they are a "defendant." Thus, GEMB need not have defaulted on anything to trigger the statute and fee provision. Rather, it is GEMB's unsuccessful attempt to sue the Toranos for default and collection which resulted in the Toranos incurring attorney's fees. Florida law allows them to recoup these fees from GEMB under the terms of the parties' agreement.

### 2.  A Fee Award is Discretionary

GEMB asks this Court to find that any fee award is discretionary and to refuse the Toranos an award of attorney's fees because they already have received a windfall in this case of not having to pay GEMB the undisputed outstanding loan amount. GEMB repeats several of their arguments regarding the equities in this case made during the Court's determination of the merits on summary judgment.

Without deciding whether an award of fees under Fla. Stat. § 57.105(7) is mandatory or discretionary,[1] the Court concludes that it would award such fees even if the decision was discretionary. What GEMB still fails to consider in its equitable arguments is that the Toranos are also not at fault in this matter, as RV Sales and its principal were the ones that failed to take the money from the second loan and pay off GEMB's prior loan. In addition, it was GEMB's action in suing the Toranos that caused

---

[1] GEMB asserts that the conclusion that prevailing party fees are mandatory, see Landry v. Countrywide Home Loans, Inc., 731 So.2d 137, 140 (Fla. Dist. Ct. App. 1999), has not been adopted by the Florida Supreme Court.

the Toranos to incur attorney's fees.  Therefore, the Court concludes that even if an award is discretionary, it will make such an award to the Toranos in this case.

### 3.  Waiver

GEMB contends that the Toranos failed to properly plead a claim for attorney's fees under Florida law, and therefore have waived entitlement to those fees.  Florida law does require a claim for attorney's fees to be pled.  Stockman v. Downs, 573 So.2d 835, 837 (Fla. 1991).  It is a debated question whether this requirement is substantive or procedural.  On a question of procedure, federal procedure controls in a diversity action.  While it is true that Florida law requires such a claim to be properly plead, the federal pleading rules specifically allow all forms of relief to be awarded, even if not demanded in a party's pleadings.  See Fed. R. Civ. P. 54(c); Inland Dredging Company, LLC v. Panama City Port Authority, 406 F.Supp. 2d 1277, 1279-80 (N.D. Fla. 2005) (citing Capital Asset Research Corp. v. Finnegan, 216 F.3d 1268 (11th Cir. 2000)).

GEMB suggests that the Court follow the decisions made by a U.S. Bankruptcy Judge in In re Full Gospel Assembly of Delray Beach, 2007 WL 2082975, *3 (Bankr. S.D. Fla. 2007) and In re Tousa, Inc., 422 B.R. 783, 882-83 (Bankr. S.D. Fla. 2009), who concluded that the Florida rule is substantive and therefore applies in federal court.  However, this Court will instead follow Inland Dredging, Capital Asset, and Kamel v. Kenco/The Oaks at Boca Raton, LP, 2008 WL 3471594 (S.D. Fla. 2008), because those courts concluded that while the right to attorney's fees is substantive, the procedure for claiming those fees is procedural.

In this case, the Toranos disclosed their intent to seek attorney's fees in their Initial Disclosures and again in the Pretrial Stipulation. Thus, GEMB had sufficient notice that attorney's fees were an issue in the case. The Toranos did not waive their right to attorney's fees.

### 4.  Amount of Fees

GEMB does not make any specific objections to the amount of fees sought by the Toranos. The Court has reviewed the billing records and supporting expert affidavit, along with its knowledge of the work the attorneys performed throughout this case. Counsel for the Toranos sets forth 218.80 hours of work in this case, though not all of the hours were billed. The hourly rates for Daniel Leyton, Esq. (204.9 hours) of $225, Miguel de la O, Esq. (11.1 hours) of $243, and a junior associate (2.8 hours) of $150 are reasonable under the factors set forth in Norman v. Hous. Auth. of the Plaintiff of Montgomery, 836 F.2d 1292 (11th Cir. 1988). The Court concludes that the requested amount of $43,912.05 is a reasonable amount of attorney's fees for this case.

### B.  Costs

Federal Rule of Civil Procedure 54(d) provides that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." The Supreme Court has interpreted Rule 54(d) to grant federal courts discretion to refuse to tax costs in favor of the prevailing party. See Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 442 (1987). Moreover, "[i]n the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs."

Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)).

28 U.S.C. § 1920, taxation of costs, provides as follows:

A judge or clerk of any court of the United States may tax as costs the following:

(1) Fees of the clerk and marshal;

(2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

In the present case, The Toranos seek costs totaling $2,608.20 for the following items: (1) fees for service of subpoenas ($242.00); and (2) fees for the court reporter and transcripts of certain depositions ($2,366.20). GEMB objects to these costs.

GEMB objects to taxing the costs of the Torano's service of Wachovia, a third-party defendant, upon GEMB, particularly the extra "rush" charges. The Toranos defend the cost as necessary because of the then upcoming Scheduling Conference. The Court concludes that there is an insufficient basis to justify the rush charges, particularly to award the rush charges against GEMB, who was not litigating against Wachovia. Thus, $137.00 of the service costs will be stricken.

GEMB also objects to the cost of the depositions of Gigi Stetler and Sara Seeburg, particularly the cost of videotaping the Stetler deposition though it was not presented to the Court, and the non-party deposition of Seeburg.  "In determining whether the cost of a particular deposition is taxable, 'the district court must evaluate the facts of each case and determine whether all or any part of a copy of any or all of the depositions was necessarily obtained for use in the case.'"  Blevins v. Heilig-Meyers Corp., 184 F.R.D. 663, 666 (M.D.Ala.1999) (quoting Newman v. A.E. Staley Mfg. Co., 648 F.2d 330, 337 (5th Cir. June 1981)).  "[W]here the deposition costs were merely incurred for convenience, to aid in a more thorough preparation of the case, or for purpose of investigation only, the costs are not recoverable." Id. (quoting DiCecco v. Dillard House, Inc., 149 F.R.D. 239, 241 (N.D. Ga.1993)).  "[A] district judge has great latitude in determining whether a deposition was 'necessarily obtained for use in the case' or was obtained merely for the convenience of the attorneys." Id. (quoting Newman, 648 F.2d at 337).  Finally, "[T]he fact that a court disposes of the case at the summary judgment stage is no impediment to an award of costs, provided that they were otherwise reasonably necessary for use in the case."  Eagle Insurance Co. v. Johnson, 982 F. Supp. 1456, 1458 (M.D. Ala. 1997), aff'd, 162 F.3d 98 (11th Cir. 1998).

In this action, had the case gone to trial, it is likely the Stetler deposition would have been used.  The Toranos assert in their reply that Plaintiff's counsel himself suggested videotaping Ms. Stetler's deposition.  As the principal of RV Sales, her testimony was a crucial part of this litigation.  As for Ms. Seeburg, though a non-party to the Sales Contract between GEMB and the Toranos, but as someone who worked for GE Commercial, the entity that repossessed the RV in question, her testimony helped

explain what actually happened in a related transaction. The Court concludes that both depositions and all associated costs were reasonably necessary for use in the case.

### III.  CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. Defendants/Counter-Plaintiffs Jaime and Danielle Torano's Motion Attorneys Fees Against Plaintiff [DE 117] is hereby **GRANTED**;

2. Defendants/Counter-Plaintiffs Jaime and Danielle Torano's Motion to Tax Costs [DE 118] is hereby **GRANTED** in part and **DENIED** in part, as explained above;

3. The Court will separately enter a judgment for fees and costs.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 20th day of December, 2010.

_____
JAMES I. COHN
United States District Judge

cc: All parties and counsel of record